*558
Curia, per

Whitner, J.
The defendant renews here his motion for a nonsuit, on the ground “that plaintiffs had not shewn title to the land in dispute; and' defendant, being in possession, should have been protected.”
The plaintiffs did not produce any, grant from the State, or offer proof that would justify the presumption of one. The- premises aré well laid by the defendant’s counsel, as to the general principle of obligation, resting on plaintiffs in trespass to try titles, to make out a good title,- and thence the general necessity of deriving from the source only that can grant. ‘ But this obligation is not without exception. When parties litigant derive title from the same source, no end of justice is to be attained by tracing beyond.- Hence, as between lessor and lessee, the rule is universal. The latter,- having gained possession'by his' acknowledgment, is estopped from his denial of the title under which he entered. How stands the case where one enters ás a purchaser under the title of another, and a contest subsequently arises„between the vendor and vendee ?
William Pyles, the ancestor of these plaintiff^, purchased the land in dispute under proceedings' in Equity, when sold for partition amongst the heirs, of Benjamin Mattison, deceased. He obtained a deed, took possession, .and cultivated, the land. The year after, Gr. W. Reeve bought from William Pyles, paid to him the cash he had advanced, and agreed to discharge the bond of Pyles to the commissioner; and the year after this did pay a large portion of the bond, and in about three years after sold the land to his brother, the defendant in this suit, who thus acquired possession. The'plaintiffs in .possession surrendered to defendant, under his -agreement to purchase ; and shall the defendant be allowed to turn the advantage, thus gained by permission of plaintiffs, to their injury, perhaps defeat, and that, too, by holding out false colors? Melior est conditio possidentis, and the defendant relies on it; but with what propriety, or fairness, may he who has acquired this better condition, by the favor .of another, be allowed to convert the favor to the disadvantage of the latter, at least until by long acquiescence it has ripened into right *559 under presumptions which might arise, and which it cannot be pretended have arisen here, on account of minority ?
Under the authority of adjudged cases, we are of opinion a plaintiff is never compelled to go further back than the source whence the parties before the Court derive title, if the source is the same. In this case, therefore, we think the motion was properly refused on the circuit. In the further progress of the case other facts were presented to confirm this view, and to these facts we are not only at liberty, but bound to look, when the motion is here renewed.
That “moral policy of the law,” of which Chief Justice Marshall spoke, is well vindicated in such a case, by holding that, prima fade, he who enters upon land as a purchaser, thereby admits the title under which he entered to be good. I would refer to the cases of Blight vs. Rochester (7 Wheat. 535); Thomas & Ashby vs. Jeter & Abney, (1 Hill, 380,) and Hill vs. Robertson (1 Strob. 1). The opinion now pronounced is but the reiteration of principles held and affirmed in these cases.
As to the legitimate effect of a better title also existing in the party defendant, derived from another source, questions of far greater difficulty may present themselves. Whether the vendee shall be held to have waived all future objection thereto, or to be precluded from any after opposition thereby, or may be regarded merely as having bought his peace, and in his attempt thus to protect his quiet enjoyment should not thence suffer prejudice, but still be permitted to shew another and better title in his de-fence, and as to the extent to which his right may be affected by the time and circumstances at and under which possession was obtained, are questions reserved for a fitter occasion.
In the defence, the defendant stated his title as relied on, ali-unde than through Pyles, and was permitted, in fact, to go into his title, but in this wholly failed to locate his deed or grant upon any satisfactory proof, or according to any known rules regulating questions of location; and hence the prima facie shewing of plaintiffs became conclusive, and as to this case must be final.
*560 The proper result was reached, in our judgment, upon the case made, and the motions for nonsuit and new trial are dismissed.'
O’Neall, Evans and Withers, JJ., concurred.
Frost, J., absent at the argument.

Motions dismissed.